UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                                         Case No. 3:25cv35-MW-HTC

WCJ CAPTAIN RYAN ASHLEY MCCORMICK,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Steven W. Short, a repeat litigant[1] proceeding *pro se*, initiated this action by filing a handwritten document purporting to be a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After reviewing the "complaint," the undersigned finds the case should be dismissed under 28 U.S.C. § 1915(g) because Short is a three-striker barred from proceeding *in forma pauperis* who failed to pay the filing fee upon initiating this action.

---

[1] Since 2024, including this case, Short has filed 13 cases with this Court, including a slew of nonsensical motions or filings, such as "Notice 91:91 False Imprisonment," "Notice § 91.68 Attempted Voluntary Manslaughter," and "Notice of 91.35 Solicitation." As discussed herein, 7 cases have been dismissed, 5 as frivolous and 2 for failure to state a claim. Of the 6 pending cases, 4 are pending a report and recommendation for failure to follow court orders and the one, which Plaintiff filed against McCormick and others within days of this case, is pending a report and recommendation for dismissal because Plaintiff is a 3-striker.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* ("IFP") under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding IFP must pay the filing fee when he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Short is a three-striker, having had two cases dismissed for failure to state a claim and five cases dismissed as frivolous prior to him filing this complaint on January 21, 2025. Doc. 1. His prior cases *Short v. Walton County*, 3:22-cv-19162-

MCR-HTC and *Short v. Alldredge*, 3:24-cv-00403-LC-HTC were dismissed for failure to state a claim in February 2023 and November 2024, respectively. He has also had five cases dismissed as frivolous in November and December of 2024. *See Short v. Alldredge*, 3:24cv00502-AW-HTC; *Short v. Wells*, 3:24cv00503-LC-HTC; *Short v. McCormick*, 3:24cv00505-LC-HTC; *Short v. Nelson*, 3:24cv00507-TKW-HTC; and *Short v. Wells*, 3:24cv00516-LC-ZCB.

Moreover, Short's allegations do not show he is in imminent danger of serious physical injury. Short alleges Defendants "inflicted" harm by "deliverance of a 'possible controlled substance' that has been incorporated in the paper in exhibits" – the same exhibits he sent to the Court.[2] Doc. 1. Short believes the paper is contaminated because "of cold numbness" that came over his hands when he handled the documents. *Id.* The imminent danger exception does not apply because the actions complained of occurred in the past. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Indeed, any

---

[2] Short alleged similar frivolous claims against these same defendants in *Short v. McCormick*, 3:25-cv-14-MCR/HTC, which is pending a report and recommendation and litigation injunction. There, he claimed, more generally, that the Defendants were sending him contraband through the legal mail.

Case No. 3:25cv35-MW-HTC

imminent danger the exhibits posed to Short is gone since Short sent the exhibits to the Court.

Because Short is a 3-striker who has not shown he is in imminent danger of serious physical injury and did not pay the filing fee when he filed this action, his complaint should be dismissed. *See Dupree*, 284 F.3d at 1236.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Short is a three-striker who must pay the full filing fee and failed to do so.

2. That the clerk be directed to close the file.

3. That given Short's history of filing frivolous litigation, he be prohibited from filing a new case unless he is represented or is allowed permission to do so by the Court.

At Pensacola, Florida, this 27th day of January, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.